UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
RECEIVED & FILED

2011 JUL -1 P 2:02

BY_____
DEPUTY CLERK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR AN ORDER AUTHORIZING THE ) | No. 1:11-mc-00147-MJK |
| INSTALLATION AND USE OF TRAP ) | |
| AND TRACE DEVICES ON FACEBOOK ) | |
| ACCOUNT ASSOCIATED WITH USER ) | FILED UNDER SEAL |
| NAME IMNOSTRONGBOW ) | |

## *EX PARTE* APPLICATION

### I. INTRODUCTION

James L. McCarthy, Assistant United States Attorney for the District of Maine, hereby respectfully applies to the Court pursuant to 18 U.S.C. §§ 3122 and 3123 for an Order authorizing the installation and use of trap and trace devices on the Facebook accounts associated with Facebook Username Imnostrongbow (hereinafter the "Subject Facebook Account").[1]

### II. CERTIFICATION PURSUANT TO 18 U.S.C. §§ 3122 AND 3123

In support of this application, I state the following:

1. I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing the installation and use of trap and trace devices.

2. I certify that the information likely to be obtained from the trap and trace devices on the Subject Facebook Account is relevant to an ongoing criminal fugitive investigation being conducted by the United States Marshals Service (USMS). The subject of the investigation is

---

[1] A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number" or other identifiers "reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information shall not include the contents of any communication." 18 U.S.C. § 3127(4). The court may enter an Order authorizing a pen register or trap and trace device "anywhere within the United States." 18 U.S.C. § 3123(a)(1). A "court of competent jurisdiction" is defined as "any district court of the United States (including a magistrate judge of such court) . . . having jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A).

Matthew Lucas Ayotte, who has been a fugitive from justice since leaving the custody of his third party custodian on June 17, 2011. Ayotte is believed to have fled the area and is suspected of violating 18 U.S.C. § 1073 (Unlawful Flight to Avoid Prosecution). Deputy U.S. Marshal Tom Britt has provided information that he was able to get onto Matthew Lucas Ayotte's Facebook page (with limited access because Deputy Marshal Britt is not on Ayotte's list of friends) and noted that Ayotte's Facebook Username is "Imnostrongbow."

3. Facebook is a provider of free electronic communication services. Facebook users access its services by means of the internet's World Wide Web. Using a standard web browser (such as Google Chrome, Firefox or Internet Explorer), Facebook users may interact and correspond with a network of friends, contacts and other computer users. Facebook also providers users with access to personal profiles, email, instant messaging, community groups, photos and other services, all through the computers in Facebook's network.

4. Whenever an internet user visits Facebook's web site (or any other web site on the internet), that user's computer identifies itself to the web site by means of its Internet Protocol ("IP") address. An IP address is a unique numeric identifier assigned to every computer connected to the internet. An internet service provider (ISP) normally controls a range of several hundred (or even thousands) of IP addresses, which it assigns to its customers for their use.

5. IP numbers for individual user accounts (such as are offered by ISPs to the general public) are usually assigned "dynamically": that is, randomly from the pool of available IP addresses controlled by the ISP, and for a limited time period. For users connecting via broadband – e.g., DSL or cable – the assignment may last anywhere from a few hours to a month or longer, depending on the ISP's business practices. The customer's computer retains that IP address for the duration of the assignment, and the IP address cannot be assigned to another user during that period. At the end of the limited time period that IP address reverts to the pool of unused addresses available to other customers, and the user's computer will need to request assignment of a new IP address. In short, an individual customer's IP address normally varies over time. By contrast, an ISP's business customer will commonly have a permanent, 24-hour

Internet connection to which a "static" (i.e., fixed) IP address is assigned.

6. These source IP addresses are, in the computer network context, conceptually identical to the origination phone numbers captured by traditional trap and trace devices installed on telephone lines. Just as traditional telephonic trap and trace devices may be used to determine the source of a telephone call (and thus the identity of the caller), it is feasible to use a combination of hardware and software to ascertain the source addresses of electronic connections to a World Wide Web computer, and thereby to identify and locate the originator of the connection.

7. Accordingly, for the above reasons, the applicant requests that the Court enter an Order authorizing the installation and use of trap and trace devices to identify the source IP address (along with the date and time) of all logins to the Subject Facebook Account. I am not requesting, and do not seek to obtain, the contents of any communications.

8. Based upon the above Certification,[2] and pursuant to 18 U.S.C. §§ 3122 and 3123, I request that the foregoing installation and use be authorized for a period of 60 days.

9. I further request that the Order direct that, upon service of the order, Facebook furnish information, facilities, and technical assistance necessary to accomplish the installation of the trap and trace devices, including installation and operation of the devices unobtrusively and with a minimum of disruption of normal service. Facebook shall be compensated by the USMS for reasonable expenses incurred in providing such facilities and assistance in furtherance of the

---

[2] Section 3122 "was not intended to require independent judicial review of relevance; rather, the reviewing court need only verify the completeness of the certification." *In re United States*, 10 F.3d 931, 935 (2d Cir. 1993) (citing S. Rep. No. 541, 99th Cong., 2d Sess. 47 (1986); *see also United States v. Fregoso*, 60 F.3d 1314, 1320 (8th Cir. 1995) (holding that the judicial role under Section 3123(a) is ministerial in nature because a proper application under Section 3122 mandates entry of the order); *Brown v. Waddell*, 50 F.3d 285, 290 (4th Cir. 1995) (Section 3122 does not require the Government to establish probable cause to obtain a pen register or trap and trace device); *United States v. Newman*, 733 F.2d 1395, 1398 (10th Cir. 1984) ( "[N]o showing of probable cause – or even 'sufficient cause,' as defendant suggests – is necessary to justify authorization of a pen register.").

3

Order.

10. I further request that the Order direct that the information collected and recorded pursuant to the Order be furnished to the USMS as soon as practicable, on a continuing basis, 24 hours a day for the duration of the Order.

11. I further request that the Order direct that the tracing operation encompass tracing the communications to their true source, if possible, without geographic limit.

### III. REQUEST THAT THE APPLICATION AND ORDER BE FILED UNDER SEAL AND THAT THE ORDER PRECLUDE NOTICE

12. Based on the information provided in this application, I believe disclosure of this Application or the requested Order could result in continued flight from potential prosecution or the destruction of or tampering with evidence, or may otherwise seriously jeopardize the investigation. Therefore, pursuant to 18 U.S.C. § 3123(d)(2), I request that the Court's Order direct Facebook, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate the execution of this Order, and their agents and employees not to disclose to the user(s) of the Subject Facebook Account, or any other person, the existence of this Order, the trap and trace device, or this investigation unless or until otherwise ordered by the court and further, pursuant to Title 18, United States Code, Section 3123(d)(1), that this application and Order be SEALED.

The foregoing is based on information provided to me in my official capacity by agents of the USMS.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on July 1, 2011.

James L. McCarthy
Assistant United States Attorney