UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE APPLICATION PURSUANT TO )
18 U.S.C. § 2703(c) and (d) )
RE: Matthew Lucas AYOTTE )

Under Seal

Misc. Number 11-mc-00147-MJK

### *EX PARTE* APPLICATION FOR COURT ORDER FOR DISCLOSURE OF RECORDS OR OTHER (NON-CONTENT) INFORMATION PERTAINING TO A SUBSCRIBER OF AN ELECTRONIC COMMUNICATION SERVICE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 2703(c),(d)

NOW COMES the United States of America, through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and James L. McCarthy, Assistant United States Attorney, and respectfully submits under seal this *ex parte* application pursuant to Title 18, United States Code, Section 2703(c), for an Order directing Metro PCS (hereinafter "service") to provide the following records and other (non-content) information relating to telephone number:

(401) 516-7313

for the period from and including June 17, 2011 to and including July 5, 2011:

(A) name;

(B) address;

(C) local and long distance telephone connection records;

(D) length of service (including start date) and types of service utilized;

(E) telephone number subscriber identity; and

(F) means and source(s) of payment for such service (including any credit card or bank

account number).

## LEGAL BACKGROUND

1. Metro PCS is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). 18 U.S.C. § 2703(c)(1)(C) provides that a governmental entity may require a provider of electronic communication service to disclose a record or other information pertaining to a subscriber or customer of such service (not including the contents of communications) only when the governmental entity, among other ways, obtains a court order for such disclosure under subsection (d) of that section. Accordingly, the United States may use a court order issued under § 2703(d) to require Level 3 Communications to disclose the items requested in paragraphs (A) through (F) above.

2. 18 U.S.C. § 2703(d) provides, in part, that a court order for disclosure under subsection (c) may be issued by any court that is a court of competent jurisdiction (18 U.S.C. § 2711(3)) and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought, are relevant and material to an ongoing criminal investigation. Accordingly, the next section of this application, sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described above in paragraph (A) through (F) above are relevant and material to an ongoing criminal investigation.

## SPECIFIC AND ARTICULABLE FACTS

1. Defendant Matthew Lucas AYOTTE is charged in a three-count complaint charging him with being a felon in possession of a firearm, being in possession of a firearm after having been convicted of a misdemeanor crime of domestic violence and with being in possession of a stolen

firearm in violation of Title 18 United States Code, Section 922(g)(1), (g)(9) and (j). An information has been prepared charging Defendant Ayotte with being a felon in possession of a firearm as an Armed Career Criminal in violation of Title 18 United States Code, Sections 922(g)(1) and 924(e). A signed plea agreement has been filed. Waiver of indictment and entry of plea of guilty are scheduled for July 14, 2011 at 3:00 p.m.

2. On Saturday, June 18, 2011, Chief U.S. District Judge John A. Woodcock, Jr. Granted an ex parte motion by the government to revoke defendant's bail and to issue a warrant for his arrest based on evidence that defendant Ayotte had violated conditions of his release in that:

1. Defendant had left his residence without prior notice and approval.

2. Defendant had stolen a motor vehicle belonging to his third party custodian.

3. Defendant had failed to return to his residence by 8:00 p.m. on June 17, 2011 in violation of his curfew.

3. As of the date of this Application, despite extensive efforts by the U.S. Marshal's Service, the defendant has not been arrested. The information is relevant to an ongoing criminal fugitive investigation being conducted by the United States Marshal's Service (USMS). The subject of the investigation is Matthew Lucas AYOTTE, who has been a fugitive from justice since leaving the custody of his third party custodian on June 17, 2011. Ayotte is believed to have fled the area and is suspected of violating Title 18 United States Code, Section 1073 (Unlawful Flight to avoid Prosecution).

4. The service is an electronic communication service within the meaning and contemplation of Title 18 United States Code, Section 2510(15).

5. The records sought may only be provided to the United States by the service pursuant to

the provisions of Title 18 United States Code, Section 2703(c) and (d).

6.  The records sought are relevant and material to an ongoing investigation, specifically; to aid in and effectuate the arrest of Matthew Lucas AYOTTE pursuant to the federal arrest warrant. The investigation has revealed that (401) 516-7313 is believed to have been used by defendant to place a call to a person in Maine from Rhode Island on July 1, 2011, and receipt of the records and other (non-content) information requested would help determine whether defendant has used that number to place calls to other persons who could help determine defendant's location. Those records and that information would help focus the continued investigation into the whereabouts of defendant.

## REQUEST FOR PRECLUSION OF NOTICE

For the reasons set forth in the Application, it is requested that the Court issue an Order directing Metro PCS, pursuant to Title 18, United States Code, Section 2705(b), not to notify any other person of the existence of the Order sought in this Application until defendant Matthew Lucas AYOTTE has been arrested on the federal warrant in this case or until further order of the Court, whichever comes first. Such a requirement is justified because the Order relates to an ongoing criminal fugitive investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation by giving the defendant an opportunity to continue flight from prosecution.

## REQUEST TO SEAL

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing fugitive investigation. Accordingly, there is good cause to seal these

documents because their premature disclosure may seriously jeopardize that investigation.

Wherefore, the United States respectfully applies to this Court for the order specified above.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 6, 2011.

                                      Respectfully submitted,

                                      THOMAS E. DELAHANTY II
                                      United States Attorney
                                      District of Maine

                                      By: /s/ James L. McCarthy
                                      JAMES L. McCARTHY
                                      Assistant United States Attorney
                                      District of Maine